IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN HEIMBACH,<br><br>               Plaintiff,<br><br>    v.<br><br>LEHIGH COUNTY DEPARTMENT OF<br>CORRECTIONS, et. al,<br><br>               Defendants. | CIVIL ACTION<br>NO. 13-0895 |

<u>**OPINION**</u>

**Slomsky, J.**                                                                                                      **April 3, 2014**

**I.     INTRODUCTION**

      For the majority of this litigation, Plaintiff has consistently failed to respond to Motions and Court Orders. His refusal to engage in the litigation process has resulted in the Court granting as uncontested a Motion to Dismiss his claims against two defendants. (Doc. No. 19.) On September 17, 2013, the remaining defendants filed a Motion for Involuntary Dismissal under Rule 41(b). (Doc. No. 22.) This Motion is also uncontested. For reasons that follow, the Court will grant Defendants' Motion for Involuntary Dismissal.

**II.    FACTUAL BACKGROUND**

      On March 28, 2013, Justin Heimbach ("Plaintiff"), a former prisoner, filed a Complaint against the Lehigh County Department of Corrections, alleging violations of his constitutional rights while he was incarcerated there. (Doc. No. 5.) On April 29, 2013, Plaintiff filed an Amended Complaint removing Lehigh County Department of Corrections as a defendant and naming in its place several employees of Lehigh County Prison, including: Nurse Roseanne Rehrig, Sergeant John Urban, Sergeant Jerad Cline, Corrections Officer Jonathan Willtraut,

Corrections Officer Christopher Denker, Corrections Officer Ronald Willever, Corrections Officer Chad Pongracz, Head Nurse Nicole Heffner, and Warden Dale Meisel (collectively, "Defendants").  (Doc. No. 6.)  In the Amended Complaint, Plaintiff alleges that Defendant Rehrig gave Plaintiff incorrect medications, causing him to black out temporarily.  (Id. at 3.)  Plaintiff further contends that he suffers from back, neck, and head pain as a result of being assaulted by Defendants Willever, Willtraut, Denker, Pongracz, Urban, and Cline.  (Id.)  According to Plaintiff, he reported the incidents to Defendants Heffner and Meisel, but their response led him to believe that they were "trying to cover up this whole matter."  (Id. at 4.)  On May 20, 2013, Plaintiff sent a letter to the Clerk of Court clarifying that his Amended Complaint listed multiple defendants.  (Doc. No. 10.)

On May 28, 2013, Defendants Heffner and Rehrig filed a Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim.  (Doc. No. 12.)  Plaintiff failed to respond to Defendants Heffner and Rehrig's Motion to Dismiss.  On June 24, 2013, the Court issued an Order requiring Plaintiff to respond to the Motion by July 8, 2013.  (Doc. No. 16.)  On July 1, 2013, the remaining defendants, Defendants Cline, Denker, Meisel, Pongracz, Urban, Willever, and Willtraut ("Defendants"), filed an Answer to the Amended Complaint.  (Doc. No. 17.)  On July 18, 2013, after receiving no response from Plaintiff, the Court filed an Order granting Defendants Heffner and Rehrig's Motion to Dismiss as uncontested, thereby dismissing Defendants Heffner and Rehrig as parties to the action.[1]  (Doc. No. 19.)

On July 25, 2013, Plaintiff's copy of the Order granting Defendants Rehrig and Heffner's Motion to Dismiss was returned to the Court by the U.S. Postal Service.  Apparently, Plaintiff

---

[1] Because Defendants Rehrig and Heffner's Motion to Dismiss was granted as uncontested, the Court will only consider Plaintiff's claim as against Defendants Urban, Cline, Willever, Pongracz, Willtraut, Denker and Meisel.

2

was released from custody but did not notify the Court of his new address. However, the Court obtained his new address from a Lehigh County Prison employee. On August 28, 2013, the Court entered an Order stating:

> AND NOW, this 28th day of August 2013, the Court having been advised by an employee of Lehigh County Prison that Plaintiff has been released from custody and is residing at the address noted below, it is ORDERED as follows:
>
> 1. The Clerk of Court shall change Plaintiff's address of record to: [Redacted]
>
> 2. The Clerk of Court shall mail a copy of this Order to the address listed above, along with a copy of the Court's Orders dated June 24, 2013 (Doc. No. 16) and July 18, 2013 (Doc. No. 19.)
>
> 3. Upon receipt of this Order, Plaintiff shall inform the Court by mail by September 30, 2013 whether he wishes to proceed with this lawsuit.
>
> 4. If Plaintiff wishes to proceed, Plaintiff must inform the Clerk of Court of any change of his address, so that he may receive court orders or any other filings in the record by mail.

(Doc. No. 20.) On September 17, 2013, the copy of the August 28th, 2013 Order was returned marked "REFUSED" by the U.S. Postal Service. Following this refusal, Defendants filed a Motion for Involuntary Dismissal of Under Rule 41(b) based on Plaintiff's Failure to Comply with Order Dated August 28, 2013. (Doc. No. 22.) In the Motion, Defendants assert that Plaintiff's Amended Complaint should be dismissed based on Plaintiff's failure to inform the Court by September 30, 2013 whether he wishes to proceed with this lawsuit. (Doc. No. 22 at 2.)

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In determining whether to dismiss a case due to a

3

plaintiff's failure to comply with a court order, the Court considers the six factors set forth in Poulis v. State Farm Fire & Casualty Co.:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d 863 (3d Cir. 1984). Courts in the Third Circuit are required to consider the Poulis factors because "dismissal with prejudice is, undeniably, a drastic sanction." In re Asbestos Products Liab. Litig. (No. VI), 718 F.3d 236, 246 (3d Cir. 2013). However, no single Poulis factor is dispositive, and all six factors need not be satisfied in order for a court to dismiss a complaint. Briscoe v. Klaus, et al., 538 F.3d 252, 263 (3d Cir. 2008).

**IV. ANALYSIS**

Plaintiff has been detached from this litigation for eight months. He has not shown any indication that he wishes to pursue his claim. Plaintiff has not communicated with the Court since May 20, 2013,[2] notwithstanding the August 28, 2013 Order requiring his response as to whether he wished to proceed with the lawsuit. Plaintiff's failure to comply with Court Orders weighs heavily in the Court's analysis.

Regarding the first Poulis factor, the extent of the party's personal responsibility, a pro se plaintiff is solely responsible for the progress of his or her case. Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). Plaintiff therefore bears the responsibility of responding to Court

---

[2] On this date the Clerk of Court received a letter from Plaintiff clarifying that his Amended Complaint listed multiple defendants. (Doc. No. 10.)

Orders.  He failed to respond to Court Orders requiring his response on two occasions.[3]  As such, this factor weighs in favor of dismissal.

The second Poulis factor, the prejudice to the adversary caused by a plaintiff's failure to meet scheduling orders and respond to discovery, also weighs in favor of dismissal.  Defendants have complied with their obligations in defending against Plaintiff's claim.  They promptly filed an Answer to the Amended Complaint and a Motion to Dismiss with the Court.[4]  However, Plaintiff has neglected to file any documents with the Court since May 20, 2013.  Given this lack of communication by Plaintiff, it is doubtful that Defendants will be able to properly prepare for trial.  See Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003) (noting that "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy" constitutes prejudice to the adversary).  Consequently, this factor weighs in favor of dismissal.

As to the third Poulis factor, the Court concludes that the procedural history indicates a history of dilatoriness.  On May 20, 2013, Plaintiff sent the Clerk of Court a letter regarding certain facts relating to his claim.  In the eight months since then, Plaintiff has failed to respond to Court orders.  Upon release from custody, Plaintiff failed to provide the Court with his current address.  Although the Court was informed by Lehigh County Prison of Plaintiff's new address, a subsequent Order sent to Plaintiff was returned marked "REFUSED."  As such, this factor weighs in favor of dismissal.

---

[3] The first Order is dated June 24, 2013, and required Plaintiff's response to Defendants Heffner and Rehrig's Motion to Dismiss. (Doc. No. 16.)  Because Plaintiff failed to respond, the Motion was granted. (Doc. No. 19.)  The second Order is dated August 28, 2013 and required Plaintiff to inform the Court by September 30, 2013 whether he wished to proceed with the lawsuit. (Doc. No. 20.)  This Order was returned marked "REFUSED."

[4] On July 1, 2013, Defendants filed an Answer to Plaintiff's Amended Complaint with Affirmative Defenses. (Doc. No. 17.)  On December 18, 2013, Defendants filed a Motion to Dismiss under Rule 41(b). (Doc. No. 22.)

The fourth Poulis factor examines whether the conduct of the party was willful or in bad faith. There is no evidence in the record of willfulness or bad faith on the part of Plaintiff. Plaintiff's conduct is careless, but it does not rise to the level of bad faith. Thus, this factor weighs against dismissal.

The fifth Poulis factor concerns the effectiveness of sanctions other than dismissal. The Court concludes that there are no effective alternative sanctions available. For example, monetary sanctions such as payments of attorneys' fees would be ineffective. Plaintiff is proceeding pro se and in forma pauperis and cannot afford to pay such sanctions. See Briscoe, 538 F.3d at 263 (finding monetary sanctions an ineffective alternative when a plaintiff is proceeding pro se and in forma pauperis). Accordingly, this factor weighs in favor of dismissal.

Finally, the sixth Poulis factor considers the meritoriousness of the claim. Courts evaluate the meritoriousness of a claim using the standard for a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Huertas v. City of Philadelphia, No. 02-7955, 2005 WL 226149 (E.D. Pa. Jan. 26, 2005) aff'd, 139 Fed. App'x 444 (3d Cir. 2005). The Federal Rule of Civil Procedure 12(b)(6) motion to dismiss standard is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009). After Iqbal it is clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 663; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ethypharm S.A. France v. Abbott Labs., 707 F.3d 223, n.14 (3d Cir. 2013) (citing Sheridan v. NGK Metals Corp., 609 F.3d 239, n.27 (3d Cir. 2010)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A pro se plaintiff's Complaint is examined under a less exacting standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Therefore, a pro se plaintiff's claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (quoting McDowell v. Delaware State Police, 88 F.3d 188, 189 (3d Cir. 1996)). Plaintiff's Amended Complaint alleges violations of his rights, and the Court cannot determine that these allegations, accepted as true, do not state a claim for relief. (Doc. No. 6 at 5–6.) Further, the Court cannot say that Plaintiff would be unable to prove these facts at trial. As such, this factor weighs against dismissal.

As noted above, not every Poulis factor must weigh in favor of dismissal in order for the Court to dismiss a claim. After carefully reviewing the factors, however, the Court determines that four of the six factors weigh heavily in favor of dismissal.

## V.     CONCLUSION

For the foregoing reasons, Defendants' Motion for Involuntary Dismissal will be granted. The instant action will be dismissed with prejudice, and the case will be closed. An appropriate Order follows.